**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Marvin GIBBS, Jr., Defendant–Appellant.**

No. 03–20522.
**Conference Calendar**

United States Court of Appeals, Fifth Circuit.

Dec. 10, 2003.

James Lee Turner, Assistant US Attorney, Kathlyn Giannaula Snyder, Assistant US Attorney, US Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marvin Gibbs, Jr., pro se, Beaumont, TX, for Defendant–Appellant.

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM.*

Marvin Gibbs, federal prisoner # 75279–079, appeals from the district court's denial of his post-conviction motion filed under 18

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 3742(a). The district court construed the motion as an unauthorized successive 28 U.S.C. § 2255 motion.

Gibbs argues that the district court erred in recharacterizing his motion as a successive 28 U.S.C. § 2255 motion. As the district court correctly determined, Gibbs cannot seek post-conviction relief pursuant to 18 U.S.C. § 3742(a) because he has already filed a direct criminal appeal. *See United States v. Early*, 27 F.3d 140, 142 (5th Cir.1994). Because Gibbs has previously filed a 28 U.S.C. § 2255 motion and because the instant motion raises issues that could have been raised in the prior motion, the district court did not err in construing his post-conviction motion as an unauthorized successive 28 U.S.C. § 2255 motion. *See In re Cain*, 137 F.3d 234, 235 (5th Cir.1998). Accordingly, the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.